NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUTILO DE JESUS-ARIAS, AKA Rutilo De Jesus,<br><br>     Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>     Respondent. | No. 17-70148<br><br>Agency No. A077-137-314<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

 Rutilo De Jesus-Arias, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") order denying his motion to reopen removal

proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse

---

  \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  \*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The agency did not err or abuse its discretion in denying De Jesus-Arias' motion to reopen as untimely, where he filed the motion more than seventeen years after his final administrative order of removal, he did not provide sufficient evidence of deception, fraud, or error that would warrant equitable tolling of the filing deadline, and he did not establish prima facie eligibility for asylum or related relief to qualify for the regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.23(b)(1), (4)(i); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as the petitioner exercises due diligence in discovering such circumstances); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (evidence must demonstrate prima facie eligibility for relief warranting reopening based on changed country conditions); *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005) (an applicant must generally show an individualized, rather than a generalized, risk of persecution to establish prima facie eligibility for asylum or withholding); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (an applicant must establish it is more likely than

not they would be tortured in the country of removal to establish prima facie eligibility for protection under CAT).

The BIA corrected any error in the IJ's CAT analysis. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995) ("Any error committed by the IJ will be rendered harmless by the [BIA's] application of the correct legal standard."). De Jesus-Arias' contention that the BIA engaged in impermissible factfinding is not supported by the record.

We lack jurisdiction to consider De Jesus-Arias' unexhausted contention that the IJ failed to address his request for sua sponte reopening. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (this court lacks jurisdiction to review contentions not raised before the agency). Because he did not raise the issue in his appeal brief, the BIA was not required to discuss it. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (petitioner must sufficiently put the BIA on notice as to specific issues so that the BIA has an opportunity to pass on those issues).

In light of our disposition, we do not reach De Jesus-Arias' remaining contentions regarding cancellation of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**